**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| CAROL VAN HORN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CAUSE NO: 1:21-CV-1862 |
| | ) |
| DEFENDERS, LLC, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Carol Van Horn ("Van Horn"), by counsel, bring this action against Defendant, Defenders, LLC ("Defendant"), and shows as follows:

**OVERVIEW**

Van Horn bring this action under Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII"), 42 U.S.C. §2000e, et. seq., as amended, and The Civil Rights Act of 1866 ("Section 1981"). Van Horn contends that she was subjected to different terms and conditions of her employment because of her race, Caucasian, in violation of Title VII and Section 1981. Plaintiff contends Defendant also violated the Indiana Wage Claim Statute ("IWCS").

**PARTIES**

1. Van Horn resides in the Southern District of Indiana. She was employed by Defendant and was, at all times relevant to this matter, an employee as defined by 42 U.S.C. §2000e(f).

2. At all relevant times Defendant was continuously doing business in the state of Indiana, in Marion County, and is an employer as defined by 42 U.S.C. §2000e(b).

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Defendant pursuant to 28 U.S.C. §1331 and 42 U.S.C. §2000e-5(f)(3). This court has supplemental jurisdiction over Van Horn's state wage claims pursuant to 28 U.S. §1367.

4. Plaintiff satisfied her obligation to exhaust her administrative remedies by timely filing a charge with the U.S. Equal Employment Opportunity Commission (hereinafter "EEOC"), receiving the appropriate *Dismissal and Notice of Suit Rights*, and timely filing this Complaint within ninety (90) days thereof. Moreover, Plaintiff filed her wage claim form with the Indiana Department of Labor, and the Indiana Attorney General's Office referred her claim to private litigation.

5. As all events pertinent to this lawsuit occurred within the Southern District of Indiana, venue in this Court is proper.

## FACTS

6. VanHorn ("CP"), a Caucasian female, was hired by Defendant on or about July 1, 2019. At the time of her separation, CP was a Security Collections Agent.

7. At all times CP met or exceeded R's legitimate expectations of performance. She consistently outperformed all sales quota set for employees.

8. Van Horn worked through a temporary agency for R prior to being offered employment. She was one of a small percentage of temp employees offered a full-time position.

9. In January 2020, it was announced that ADT acquired Defenders, Inc.

10. Van Horn was assigned to a new supervisor, an African American female, roughly one-month before she was terminated. Various African-American co-workers reported to Van Horn that they believed that the supervisor was racist.

11. Van Horn's supervisor made it known that African-American employees had to follow her lead and stick together for the betterment of all African Americans.

12. Van Horn was fired for pretextual reasons. At least one employee confirmed to her that Defendant had attributed to her, a co-worker, statements that she did not agree with.

13. Van Horn had accrued vacation at the time of her separation. She was not paid these wages upon separation.

14. Van Horn has been harmed by R's conduct.

## LEGAL CLAIMS

## COUNT I: RACE DISCRIMINATION

15. Van Horn hereby incorporates by reference paragraphs one 1-14 of this Complaint.

16. Van Horn was treated differently in the terms and conditions because she was Caucasian.

17. Upon information and belief Defendant acted with intent, malice, and/or reckless disregard as to rights afforded to Van Horn under Title VII and Section 1981.

18. Van Horn suffered harm as a result of Defendant's unlawful conduct.

## COUNT II: INDIANA WAGE CLAIM VIOLATION

19. Van Horn incorporates paragraphs 1 – 18 of this Complaint.

20. Defendant failed to pay Van Horn her accrued, unused vacation wages at the time of her separation.

21. Defendant violated the IWCS and withheld such payments to Van Horn without a good faith or reasonable basis.

22. Van Horn suffered harm as a result of Defendant's conduct.

## **REQUESTED RELIEF**

WHEREFORE, Plaintiff, Carol Van Horn, respectfully requests the following:

a) An Order finding Defendant liable for back wages in an amount to make Plaintiff whole and liable for not paying her wages in violation of Indiana law;

b) An Order finding Defendant liable for compensatory damages in an amount to make Plaintiff whole;

c) An Order awarding Plaintiff punitive and treble damages as a penalty for Defendant's intentional, unlawful conduct;

d) An Order awarding Plaintiff the costs of this action;

e) An Order awarding Plaintiff her attorneys' fees;

f) An Order awarding Plaintiff pre- and post-judgment interest at the highest rates allowed by law; and

g) An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)
The Wolcott Law Firm LLC
450 East 96th Street, Suite 500
Indianapolis, Indiana 46240
Telephone:   (317) 500-0700
Facsimile:   (317) 732-1196
E-Mail:   indy2buck@hotmail.com

Attorney for Plaintiff

## **JURY TRIAL DEMAND**

Plaintiff demands a trial by jury on all issues deemed triable.

                                Respectfully submitted,

                                s/ Christopher S. Wolcott
                                Christopher S. Wolcott (#23259-32)
                                The Wolcott Law Firm LLC
                                450 East 96th Street, Suite 500
                                Indianapolis, Indiana 46240
                                Telephone:    (317) 500-0700
                                Facsimile:    (317) 732-1196
                                E-Mail:   indy2buck@hotmail.com

                                Attorney for Plaintiff